Filed 3/24/26  P. v. Perez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BENJAMIN PEREZ,<br><br>    Defendant and Appellant. | G063602<br><br>(Super. Ct. No. 95NF2262)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick H. Donahue, Judge. Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Benjamin Perez challenges the trial court's denial of his petition to vacate his murder conviction (Pen. Code, § 1172.6),[1] claiming the court was required to consider his youth in deciding if he had acted with intent to kill. We find no error and affirm.

FACTS

Perez and an accomplice entered a convenience store in 1995, when Perez was 15 years old. One of them asked the night clerk, Nirmal Singh, for a pack of cigarettes. When Singh asked for an ID, Perez told the accomplice, "Pop him, pop him." The accomplice shot Singh in the chest and Singh fell backwards to the floor. Perez immediately began climbing over the counter and, as he saw Singh moaning on the floor, repeatedly told the accomplice to "shoot him!"

As the accomplice appeared to try to unjam the gun, Perez jumped over the counter and emptied the register, and the two then fled. Singh died of his wounds.

A jury later convicted Perez of first-degree murder and second-degree robbery. The court sentenced him to a total of 26 years to life in prison.

After the Legislature narrowed murder liability and made the changes retroactive, Perez petitioned to vacate his murder conviction (§ 1172.6). The trial court issued an order to show cause and, following an evidentiary hearing, denied the petition, finding beyond a reasonable doubt that Perez was guilty of murder as a direct aider and abettor acting with intent to kill. Although Perez argued the court was required to consider his

---

[1] All statutory references are to this code. The Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer only to the latter.

youth at the time of the offense, the court concluded this was unnecessary when deciding if a petitioner aided and abetted an intentional killing.

DISCUSSION

The trial court did not err by declining to consider Perez's youth at the time of his offense. After Perez's conviction, the Legislature amended the law of murder to eliminate liability based on imputed malice. (*People v. Antonelli* (2025) 17 Cal.5th 719, 724.) Section 1172.6 provides retroactive relief to defendants convicted under those now-invalid theories. (*People v. Antonelli,* at p. 724.) We review de novo whether the trial court applied the correct legal standard to Perez's petition for relief under that statute. (*People v. Curiel* (2023) 15 Cal.5th 433, 461.)

Courts have held that a defendant's youth is a relevant factor that should be considered when deciding if he or she acted with implied malice or reckless indifference. (E.g., *People v. Pittman* (2023) 96 Cal.App.5th 400, 416–417.) We are aware of no published decision extending this holding to the assessment of a defendant's intent to kill.[2]

Assuming youth may be relevant to the assessment of intent to kill under certain circumstances, Perez's youth at the time of his offense was immaterial because the record conclusively shows that he acted with intent to kill. He directed the accomplice to "pop" Singh and the accomplice shot him.

---

[2] A recent case observed that "express malice does not implicate to the same degree the concerns that arise when evaluating whether a youthful defendant's perception of risks supports a finding of reckless indifference or implied malice." (*People v. Diaz* (2026) 118 Cal.App.5th 545, 560.) But it did not hold that youth is categorically irrelevant when assessing the defendant's intent to kill. Instead, it concluded trial courts were not required to "expressly" state they have considered the defendant's youth. (*Ibid.*) As the court noted, the trial court there had been aware of the defendant's age and her youth-based contention. (*Ibid.*)

3

After seeing Singh still alive and moaning on the floor, Perez instructed the accomplice to finish him off, telling him to "shoot him!" On this record, consideration of Perez's youth could not change the conclusion that he intended to kill Singh.

We are unpersuaded by Perez's contention that without consideration of his age, there is no basis to conclude that "transient rashness or submission to peer pressure did not motive [his] criminal behavior." Transient rashness is not inconsistent with an intent to kill; nor would it explain why Perez repeatedly directed his accomplice to shoot the already-incapacitated Singh if he did not intend to kill him. And there was no evidence that Perez was merely playacting or otherwise yielding to his accomplice's will. On the contrary, his conduct reflected that he had the leadership role in the crime.

Perez unhelpfully notes that youth is an important factor in sentencing because juvenile offenders may be less culpable and more capable of reform. But the analysis under section 1172.6 does not deal with Perez's level of culpability or ability to reform—other avenues of sentencing relief focus on those considerations.[3] The question here is whether he directly aided and abetted Singh's murder, acting with the intent to kill.[4] As explained above, the trial court's finding that he did is unassailable, without regard to Perez's age at the time.

Finally, even if the court had been required to consider Perez's age, any error was harmless. Given the evidence of his intent to kill, there is

---

[3] For example, youthful offenders, like Perez, are generally entitled to special parole hearings. (§ 3051, subd. (b).)

[4] Similarly unhelpful is Perez's reference to a provision allowing juvenile offenders sentenced life without parole to petition for sentencing relief (§ 1170, subd. (d)).

no reasonable probability that consideration of his age—15 at the time—would have changed the trial court's finding that he had intended to kill. (See *People v. Pittman, supra*, 96 Cal.App.5th at pp. 417–418 [harmless error standard].)

## DISPOSITION

The trial court's order is affirmed.

SCOTT, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

GOODING, J.